Thank you, Your Honor. May it please the Court, my name is Casey Fronk and I represent the appellant David Chen. This is an appeal from a permanent anti-suit injunction entered against Mr. Chen in the District Court in joining Mr. Chen from pursuing litigation against Nalco Company and Mobotech LLC in China. And this is a unique case. Over 50 years of case law in this Court and in the lower courts in this circuit establishes that in order to obtain an anti-suit injunction against foreign litigation, the party requesting that injunction must prove that the foreign litigation is gratuitously duplicative. And in particular, that means that the party requesting the injunction must prove that, one, the parties in the foreign litigation and, two, the claims in the foreign litigation are the same as the parties in the claims in the domestic litigation. This Court has never, ever upheld a foreign anti-suit injunction in which the parties or the claims in the foreign litigation were not the same as in the domestic litigation. That's exactly what the District Court did here. In contradiction to over 50 years… So let me tell you my problem with this line of argument. You're effectively arguing as if there had not been a counterclaim in the U.S. litigation. If there had not been a counterclaim, then, of course, the fact that it was permissive would permit the litigation in some other forum at some other time. But there was a counterclaim, and having chosen to initiate your own litigation, that's what a counterclaim is, just as a matter of domestic law of preclusion, you had to join all things arising out of the same transaction. And I understand that that was the District Court's point. Now, I would appreciate it if you would engage that rather than argue what would happen had there been no counterclaim at all. Yeah, thank you, Your Honor. And so I think that a case that's cited in our brief, United States v. Bartle, addresses this. United States v. Bartle is a case from the Northern District of Indiana. You realize that cases from District Courts have utterly zero preclusive force, not to say that there's any problem in the reasoning, but they just have no preclusive force in the Court of Appeals. Of course, Your Honor. Forget about that case and just explain functionally, logically, why. I think it's a function of Rule 13a. Rule 13a makes compulsory very specific varieties of counterclaims, and that is that- No, look, I'm trying to get you to stop thinking about whether the counterclaim was compulsory or permissive. The question I'm asking is your client chose to initiate its own litigation. That's what a counterclaim is. And having chosen to do that, the law of merger and bar requires all claims arising out of the same transaction to be joined. You need to address the question why that principle isn't controlling. Two points, Your Honor. One, this is, as the court in Bartle, and, again, I'm not citing this for precedential effect, just to the extent it has any persuasive force. But as that court said- Forget about what that court said. Tell me why the doctrine of merger and bar doesn't apply. All right. So the second point, the claims that are brought over in China include certain claims, certain factual claims that were not brought here in the United States and that are different arising out of different circumstances. Could you tell us the best example of a claim in the Chinese litigation that bears no relation to any of the counterclaims resolved in the U.S. litigation? Can you do that? Yes, of course. So in the U.S. litigation, I know that in the complaint, the counterclaim, there's a lot of factual background. But the gist of the U.S. complaint, the U.S. counterclaims, were two things. First, that Nalco Company and Nalco Mobile Tech Inc., NMI, had violated the joint ventures governing document, that's 2010 AOA, by writing off a contract with the Changcheng Detang Company in China. The second was that NMI and Nalco had violated the 2010 AOA by forcing the company into bankruptcy. Now, I'll admit that certain of the factual claims asserted over in China relate to those claims. But also in China, there are some additional claims. First, there's a claim based on the fact that Nalco Company did not supply the technology that it was required to supply under a separate contract that it had with Chang, the technology agreement. That claim also arises in the case of the Baosteel contract over in China. The claim is similar in that the claim is that Nalco Company and that Mobile Tech LLC did not supply the technology that was required to meet the conditions of that contract for Baosteel. As far as the Changcheng Detang contract, if you remember, the district court here, when entering summary judgment on Chang's counterclaims, said that Chang could not change his claim here in the U.S. to argue that rather than the write-off being the problem with the Changcheng Detang contract, the problem was that Nalco had in the first instance failed to meet the specifications of that contract. And so that different claim is exactly what Mr. Chen is alleging over in China with regard to the Changcheng Detang contract. I have to say I still have the same question that Judge Easterbrook has, because the similarity of the claims in the Chinese litigation appear to be the Chinese law version of his counterclaims. They may not be identical in the sense that China has a different legal system and different claims, but they all certainly arise out of the very same dispute based on the same facts that Chen lost in the U.S. litigation. And when you look at it to an independent viewer, it would seem that he's clearly trying to circumvent the judgment against him, get a second bite in a more friendly forum. Your Honor, I think it's fair to say that he's taken what he learned in the district court litigation and used that to create perhaps a better complaint in China. I believe we just heard that in the last case where the United States sues twice, once civil and once criminal, and one wonders why the civil judgment isn't binding. It's the same kind of reason that you lost in this case. I accept that, Your Honor. But I think the point here is that the case law really requires that in order to do this act, which inherently offends international comedy and requires... Oh, that's a completely different argument. When I picked up your brief, I was expecting to see the argument that even if relitigation in China would be invalid under U.S. rules for litigation, it's perfectly valid under Chinese rules, which we should respect. But I didn't see that argument in your brief. Have I missed anything? That argument was raised below at the district court. I didn't ask what argument was raised in the district court. I said, I didn't see that argument in your brief. Have I missed anything? No, you haven't. Okay. I would say, though, that based on the fact that any sort of foreign anti-suit injunction will offend international comedy, the standard to apply should be different than the standard for claim preclusion that's applied in a case in perhaps a different court here in the United States. And I think that a higher standard should apply, and I think that's what the cases and the 50 years of case law in this circuit and elsewhere establish, and that is that even if the claims are similar, the claim preclusion doesn't apply simply because the claims or the parties are similar. They need to be identical. Please proceed, Counselor. Sure. So I'd like to also talk a little bit about the second prong of the test, which we haven't gotten to yet, and that's that the parties also have to be the same in China and the U.S. Here, as we argue in the brief, the parties are not the same, because there's just no evidence that was properly before the district court to show that Malcolm Lobotech, Inc., NMI, and Lobotech, LLC are, in fact, the same party. Wait a minute. Other than the discovery dispute, is there any realistic reason to believe that they're different legal entities? Yes, Your Honor. And here, you know, this is just said without the availability of investigation into this, and one of the reasons that we're contesting the district court's decision was it eliminated Chen's ability to investigate this. But even the very representations and actions that the NALCO entities took in the district court indicate that NMI and Lobotech, LLC are distinct. As far as I know, counsel today and in the district court is not claiming to represent Lobotech, LLC. There was never an appearance filed on behalf of Lobotech, LLC in the district court. There hasn't been an appearance filed on behalf of that company here. They seem to believe, and they have represented, that for some reason, despite this name change, there are some important legal distinctions between NMI and Lobotech, LLC. And all Chen is asking for in this appeal is the opportunity to investigate that further. Rather than rely entirely on a self-serving declaration that was given in a reply brief, Chen needs the opportunity to investigate that to determine what exactly that different legal situation is. So, again, it's broader than just a discovery dispute. This is just another example. NMI filed a counterclaim below against Mr. Chen. NMI then proceeded to litigate that counterclaim in its own name for over a year after that purported name change to Lobotech, LLC. Again, never entering an appearance on behalf of Lobotech, LLC, and at the same time refusing to provide any documents from Lobotech, LLC on the supposition that it was a completely different party. And so really what we're saying here is that the NALCO entities can't use that as both a sword and a shield. They can't hide behind the fact that there was a name change in the district court as a reason not to produce documents from NMI, and then now that Lobotech, LLC has been sued in China, claim that they're actually the same party in interest and have the same interests that Lobotech, LLC would have. If that's all for now, I'll reserve the rest of my time for rebuttal. Certainly, counsel. Thank you. Mr. Raymond. Thank you. Good morning. Excuse me. May it please the court. My name is Daniel Raymond. I represent the appellees in this case, NALCO Company and NALCO Mobotech. We are sitting here today because the appellant, Mr. Chen, believes the district court abused its discretion when it issued an injunction preventing him from relitigating certain counterclaims he lost before the district court in China. And I would like to address opposing counsel's last point first, and this is on the identity of the parties. What is the best evidence in the record that NMI and Mobotech are legally the same company? And, I mean, like, for instance, would you concede that the district court had to go outside the record to reach that conclusion? Would you concede that the district court didn't utter the words judicial notice? I will concede certainly that the court, the district court, did not utter the words judicial notice because it's clearly not in the opinion. But what is clear from the opinion is what the court relied on. And it wasn't the stricken affidavit, it was the document appended to the affidavit, which is a Delaware Secretary of State corporate name change document from December of 2014. And in relying on this document, the court could have taken judicial notice. And that is why we believe if there was an error, it was harmless. And the reason for that is that document is not subject to reasonable dispute. It says what it says and represents that, but for a name change, NALCO Mobotech is Mobotech LLC. And a little context behind that will clarify why that name change occurred. And this is from the record. So you have NALCO Mobotech Inc. converted in 2012 to an LLC. And there is no party contention that that conversion from an LLC created two distinct companies, that they're the same. And that's the rule under Delaware law. In July of 2013, NALCO sold NALCO Mobotech to Power Industrial. And you can find that in Appendix 151. And, in fact, the NALCO entities did a motion for leave to amend their counterclaims, their answers to Mr. Chen's counterclaims, informing the court and Mr. Chen that this sale occurred. But importantly in that sale, and this explains why NALCO Company continues to represent NALCO Mobotech and Mobotech, there was a power of attorney that NALCO retained to continue the litigation relating to the joint venture. And that was also explained to the court and to Mr. Chen in the same motion for leave and then in the amended answer. So shortly after NALCO Company sold NALCO Mobotech LLC to the Power Industrial, NALCO Mobotech changed its name to Mobotech LLC because NALCO is no longer the parent or the owner of that entity. And so to bring this, to tie this into a bow, they're all the same company. Delaware law is clear with Mr. Chen doesn't dispute in his brief that a name change doesn't create a new entity. And the district court relied on a public document, not the stricken affidavit, in finding the evidence needed in the context of what the NALCO entities had prior representations to the court based on the sale and the status of the entity. Did NALCO take the position that service of discovery requests on NMI were ineffective for information sought from Mobotech? What was NALCO's theory for refusing to produce discovery from Mobotech without a separate request to Mobotech? That is a disagreement that I have with opposing counsel on the characterization in the letter of a different company. I think the record is clear that the reference to a different company is not to Mobotech LLC. So the import is not to, NALCO entities didn't ask Mr. Chen to serve Mobotech. In our reply brief in the district court, there's a footnote that says that that was a mistake, that was an error. The different company that's referred to in that letter is Power Industrial. And that is explained if you look at docket 114 at page 17. And this is the NALCO entity's response to Mr. Chen's rule 56.1 statement. Now, that discovery dispute deals with documents relating to the joint venture being put into bankruptcy. And on that line of questioning are those statement of facts in Mr. Chen's rule 56.1 statement. NALCO entity says that they identify Power Industrial as the company who's the custodian of those servers. And that Mr. Chen should have issued document requests or subpoena to Power Industrial to obtain that information. That it does not have that information on the server. So the NALCO entity's position as to Mobotech has always been consistent. It was never that there were two separate entities and that Mr. Chen needed to serve discovery on Mobotech. It was they needed to serve discovery on Power Industrial. All right. Okay. And I think the important thing to remember on this issue as it relates to judicial estoppel is the legal test for that requires a judgment tied to an inconsistency. So even if we credit Mr. Chen's position that Mobotech was inconsistent in this discovery dispute, there's still no judgment tied to that alleged inconsistency which would make judicial estoppel applicable in this case. Other than that, I'm happy to answer questions from your honors. Or I ask on behalf of the NALCO entities that you find that the district did not abuse its discretion in issuing the injunction. Thank you, Mr. Raymond. Thank you. Anything further, Mr. Frunk? Just a few. I'd like to just respond to the point that Mr. Raymond made about harmless error. Here I think it's clear that the error in using the stricken declaration as the only basis for finding that the parties were the same, it isn't harmless, and that's because the harm here was first that Mr. Chen was deprived the opportunity to investigate further. As counsel just said, they apparently now admit that there are mistakes in representations that they made to the district court. All Mr. Chen is asking for is that he gets the opportunity to take discovery on the issue because there seems to be some sort of inconsistency between what's going on in discovery here and what is occurring in this belated declaration that they submitted to the district court. So the harm here is the loss of the investigation. Mr. Raymond mentioned the sale and the power of attorney evidence. What he didn't mention is that that sale and the power of attorney was specific to NMI. There's no representation before the district court. It doesn't appear that there's one here that counsel for NMI also has the power of attorney to act on behalf of Mobotech LLC. In fact, if you credit their representations with the discovery dispute, they don't. He also mentioned that judicial estoppel should not apply because there's no judgment in the district court that relies on these representations. Again, whether you take this as judicial estoppel, equitable estoppel, or simply as evidence that there's something further to be investigated here, the point is that crediting a belatedly submitted self-serving declaration from their own counsel as the only evidence that the parties are the same is just not proper. And for that, we'd ask that this court vacate the injunction and remand it to the district court for further proceedings consistent with that opinion. Thank you. Thank you very much, Mr. Cronk. The case is taken under advisement, and the court will take a brief recess before calling the third case.